UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISHA PIERSON,

        **Plaintiff,**

v.

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

Case No:  6:19-cv-01515-RBD-DCI

REPORT AND RECOMMENDATION

Marisha Pierson (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits and supplemental social security income.  Doc. 1.  Claimant argues that the Administrative Law Judge (ALJ) erred by failing to apply the correct legal standards to the opinion of an examining physician, Dr. Perdomo.  Doc. 15 at 12. For the reasons set forth below, it is respectfully **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED**.

## I.     The ALJ's Decision

On March 12, 2018, Claimant applied for disability insurance benefits and supplemental security income alleging an onset date of May 30, 2017.  R. 11, 124, 269-276.  The claims were denied initially and upon reconsideration.  R. 11, 168-73, 175-86.  On September 17, 2018, Claimant requested a hearing before an ALJ (*see* R. 187-88); on February 19, 2019, ALJ Maria Teresa Mandry (the ALJ) conducted the hearing.  R. 68-95.  On March 6, 2019, the ALJ issued a decision finding Claimant not disabled.  R. 11-25.  In the decision, the ALJ found that Claimant

had the following severe impairments: degenerative disc disease and depressive disorder.  R. 14.[1]

The ALJ found that Claimant did not have an impairment that meets or medically equals the

severity of one of the listed impairments.  *Id.*

The ALJ found that Claimant had a residual functional capacity (RFC) to perform light

work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) with some additional limitations.[2]

Specifically, the ALJ found as follows:

> After careful consideration of the entire record, I find that the claimant has the
> residual functional capacity to perform less than the full range of light work as
> defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can
> frequently climb stairs and ramps, kneel and crouch crawl [sic], occasionally climb
> ladders, ropes or scaffolds and occasionally stoop and crawl. She is not limited
> balancing. She must avoid concentrated exposure to vibration and to hazards.
> Mentally, she can understand, retain and carry out simple instructions and
> consistently and usefully perform routine tasks on a sustained basis, with normal
> supervision and cooperate effectively with the public and coworkers in completing
> simple tasks and transactions. She can adjust to the mental demands of most new
> task settings.

R. 16.   The ALJ posed a hypothetical question to the vocational expert (VE) related to the

foregoing RFC determination, and the VE testified that Claimant was capable of performing as an

office helper, as a mail clerk, and as a cashier, jobs that exist in the national economy.  R. 91-92.

---

[1] The ALJ also noted that Claimant had the following non-severe impairments: posttraumatic stress
disorder and obesity.  R. 14.  The ALJ explained that these impairments did not impose any
functional limitations, but that "the combined effects of [C]laimant's severe and non-severe
impairments were considered in assessing her residual functional capacity (RFC).  [The ALJ]
considered obesity in the RFC."  *Id.*

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying
of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in
this category when it requires a good deal of walking or standing, or when it involves sitting most
of the time with some pushing and pulling of arm or leg controls. To be considered capable of
performing a full or wide range of light work, you must have the ability to do substantially all of
these activities. If someone can do light work, we determine that he or she can also do sedentary
work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for
long periods of time."  20 C.F.R. § 404.1567(b).

The ALJ found that Claimant was capable of making a successful adjustment to other work that exists in significant numbers in the national economy and concluded that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision.  R. 25.

Claimant requested Appeals Council review of this decision (R. 268); the Appeals Council denied Claimant's request.  R. 1-7.  On August 15, 2019, Claimant filed a complaint requesting that the Court remand the case for further proceedings.  Doc. 1 (the Complaint).

## II.      Standard of Review

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'"  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).    The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).   Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The district court "'may not decide the facts anew, reweigh the evidence, or

substitute [its] judgment for that of the [Commissioner].'"  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.    Discussion

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work.  *Phillips*, 357 F.3d at 1238.  "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ is responsible for determining the claimant's RFC.  20 C.F.R. § 416.946(c).  In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources.  20 C.F.R. § 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The consideration of medical source opinions is an integral part of steps four and five of the sequential evaluation process.  Here, Claimant's argument and the Commissioner's response rely on different legal standards regarding the proper consideration of medical source opinions.  Claimant appears to rely on Eleventh Circuit precedent (*see* Doc. 15 at 12-15), while the Commissioner relies on "a new set of regulations for evaluating medical evidence that differ[] substantially from prior regulations."  Doc. 15 at 15; *see* Doc. 15 at 15-23.  However, the issue of which standard controls in this case has not been briefed by the parties and is not properly before the Court.  Further, because the undersigned finds that the ALJ erred under both standards, the undersigned need not consider which standard controls – or whether the standards are consistent with each other – in order to reach a decision here.

Claimant argues that the ALJ failed to apply the correct legal standards and made findings not supported by substantial evidence.  *See* Doc. 15 at 12-15.  Specifically, Claimant argues that

the ALJ erred in failing to provide adequate reasons, supported by substantial evidence, when rejecting the opinion of an examining physician, Dr. Perdomo. *See id*. The Commissioner responds that Claimant's "reliance on outdated case law is unavailing" and argues that "a new set of regulations for evaluating medical evidence that differ[] substantially from prior regulations" is controlling, and that the ALJ properly applied those regulations. *Id*. at 15; 16 n.2. Specifically, the Commissioner appears to argue that the ALJ sufficiently explained her rejection of Dr. Perdomo's opinion under the new regulations and that the ALJ's evaluation of Dr. Perdomo's opinion is supported by substantial evidence. *See id*. at 15-23.

### A.  Dr. Perdomo's Opinion

Dr. Perdomo provided one opinion in this case, an examination report dated June 5, 2018. R. 461-63. In her report, Dr. Perdomo opined to limitations more severe than those reflected in the RFC. *Compare* R. 461 *with* R. 16. *Id*. In her decision, the ALJ summarized Dr. Perdomo's report, and in a separate section, stated as follows with respect to Dr. Perdomo:

> Partial weight assigned to the physical consultative examiner (4F), as there is no support on record for Dr. Perdomo's limited residual functional capacity. The claimant's daily activities also contradict Dr. Perdomo's opinion.

R. 22.  Thus, the ALJ articulated two reasons for rejecting Dr. Perdomo's opinion: 1) Dr. Perdomo's "limited residual functional capacity"[3] is not supported by the record and 2) the opinion is inconsistent with claimant's daily activities. *Id.*

---

[3] The undersigned presumes that "residual functional capacity" here refers to the Recommendations section of Dr. Perdomo's report (R. 462), which section the ALJ had previously called a "residual functional capacity assessment." *See* R. 18.

### B.  Claimant's Argument

Claimant argues that the ALJ's reasons for rejecting Dr. Perdomo's opinion are conclusory and thus that the ALJ failed to provide adequate reasons supported by substantial evidence when rejecting Dr. Perdomo's opinion.  *See* Doc. 15 at 12-15.

Under binding Eleventh Circuit precedent, in evaluating medical opinions of record, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  *Winschel*, 631 F.3d at 1179; *see also Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 877 (11th Cir. 2006).  Unlike a treating physician's opinion,[4] an examining physician's opinion is generally not entitled to any deference.  *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *see also Preston v. Astrue,* No. 2:09–cv–0485–SRW, 2010 WL 2465530, at *6 (M.D. Ala. June 15, 2010) ("The opinions of examining physicians are generally given more weight than non-examining physicians; treating physicians receive more weight than nontreating physicians; and specialists on issues within their areas of expertise receive more weight than non-specialists.").

However, the ALJ must still weigh such an opinion and state, with particularity, the weight given and the reasons therefor.  *See* 20 C.F.R. § 404.1545(a)(1), (3)); *Winschel*, 631 F.3d at 1179. "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)); *see also Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable [the Court] to conduct meaningful review." ).

---

[4] A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.  *Winschel*, 631 F.3d at 1179.

Further, "conclusory statements by the ALJ that an examining physician's opinion is inconsistent with the medical record 'are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.'" *Bell v. Colvin*, No. 3:15-CV-743-GMB, 2016 WL 6609187, at \*4 (M.D. Ala. Nov. 7, 2016) (quoting *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d. 1262, 1272 (M.D. Fla. 2012)).   Otherwise, the Court is left to guess at which particular records the ALJ asserts support the ALJ's decision and, in doing so, impermissibly reweigh the evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner.").

Here, the ALJ stated, in a conclusory fashion, that "there is no support on record for Dr. Perdomo's limited residual functional capacity." R. 22.  The ALJ failed to articulate any basis for this contention.  S*ee id.*  The ALJ did not include citations to specific portions of the record and did not discuss how the record did not support the degree of impairment to which Dr. Perdomo opined. *See id.*  The ALJ's vague reference to the "record" is not sufficient factual support for the conclusion that Dr. Perdomo's "limited residual functional capacity" is inconsistent with – let alone entirely unsupported by – the entire record in this case.  Even if the Court waded through the ALJ's entire discussion of the medical record in this case (which is contained in a separate section of the decision) and managed to identify those records that both fall within the relevant time period and (in the Court's opinion) appear inconsistent with Dr. Perdomo's "limited residual functional capacity," the ALJ never discussed any such records in relation to Dr. Perdomo's opinion. *See id.*  Thus, the ALJ failed to build the requisite "accurate and logical bridge from the evidence to [her] conclusion." *Flentroy-Tennant v. Astrue*, 2008 WL 876961, \*8 (M.D. Fla. Mar. 27, 2008).

The ALJ's statement that "Claimant's daily activities are also inconsistent with Dr. Perdomo's opinion" is similarly conclusory.  Again, such a statement is insufficient to allow the Court to determine that the ALJ's decision is supported by substantial evidence.  The ALJ failed to discuss, or even identify, the daily activities that were allegedly inconsistent with Dr. Perdomo's opinion.  The ALJ did not specify which daily activities she was referring to, which sections of Dr. Perdomo's opinion those activities contradict, or how those activities contradict Dr. Perdomo's opinion.  The ALJ did not provide any information – by citing to specific evidence, by specifying a section of the record, by referencing certain daily activities, or otherwise – that would allow the Court to determine whether the ALJ's decisions is supported by substantial evidence.  It is not the district court's role on review to scour the entirety of the record, with no guidance from the ALJ, in an attempt to divine what record evidence the ALJ believes creates unspecified inconsistencies with the particular opinions the ALJ has given partial weight.  *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.").

Given the foregoing, the undersigned finds Claimant's argument persuasive.

**C.  The Commissioner's Response**

The Commissioner argues that the ALJ properly applied "a new set of regulations for evaluating medical evidence that differ[] substantially from prior regulations."  *Id.* at 15.  Specifically, the Commissioner appears to argue that the ALJ sufficiently explained her rejection of Dr. Perdomo's opinion under the new regulations and that the ALJ's evaluation of Dr. Perdomo's opinion is supported by substantial evidence.  *See* Doc. 15 at 15-23.  The Commissioner argues that Claimant's "reliance on outdated case law is unavailing" and that the new regulations control.  *See* Doc. 15 at 16 n.2.

The Social Security Administration revised its regulations regarding the consideration of medical evidence for all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Claimant filed her claims for benefits and supplemental security income after March 27, 2017, 20 C.F.R. § 404.1520c and 20 C.F.R. § 416.920c are applicable in this case.

Under these provisions, an ALJ must apply the same factors in the consideration of all medical opinions and administrative medical findings, rather than affording specific evidentiary weight to any particular provider's opinion. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ must consider: 1) supportability; 2) consistency; 3) relationship with claimant;[5] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5). Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Thus, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)-(2); 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how he considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-

---

[5] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v); 416.920c(c)(3)(i)-(v).

CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ( "The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'"*) (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2007) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam)(same)).

The Commissioner states that these new regulations "no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (*e.g.*, requirement that adjudicators must "give good reasons" for the weight given a treating source opinion)."   Doc. 15 at 17 (internal citations omitted).   However, the Commissioner does acknowledge that under the new regulations, "the ALJ will explain how he or she considered the factors of supportability and consistency, . . . [and] must explain in his or her decision how persuasive he finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors."  Doc. 15 at 18 (citing 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2)).

The Commissioner argues that, as required under the new regulations, the ALJ "explained" that there was no support in the record for Dr. Perdomo's "limited residual functional capacity" and that Claimant's daily activities contradicted Dr. Perdomo's opinion. Doc. 15 at 20.  However, the ALJ simply stated:

> Partial weight assigned to the physical consultative examiner (4F), as there is no support on record for Dr. Perdomo's limited residual functional capacity. The claimant's daily activities also contradict Dr. Perdomo's opinion.

R. 22.  The ALJ did not offer any explanation of, provide reasons for, or show the logical development of the above statements.  *See* "Explain." 2020. Merriam-Webster.com. Retrieved April 3, 2020, from https://www.merriam-webster.com/dictionary/explain. Nor did the ALJ provide any further information that made the above statements "plain or understandable."  *See id.* The ALJ also failed to discuss how she considered supportability and consistency: she did not link

any specific records to Dr. Perdomo's opinion or specify how – or which of – Claimant's daily activities contradict Dr. Perdomo's entire opinion.  *See* R. 22.

In fact, the Commissioner argues that "the ALJ identified [Claimant's] activities that supported [the ALJ's] finding earlier in her decision, and thus, the activities that contradicted Dr. Perdomo's opinion were obvious."  Doc. 15 at 22 (citing R. 16, 18, 22).  Thus, the Commissioner appears to tacitly concede that the ALJ did not "explain" her finding that Claimant's daily activities contradicted Dr. Perdomo's opinion because such a finding was "obvious."   As an initial matter, the new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous.  Additionally, while the ALJ did list Claimant's daily activities, it is not "obvious" how this list of activities contradicts Dr. Perdomo's entire opinion.

The Commissioner also argues that Claimant's "reliance on outdated case law is unavailing" and states that "[t]he new regulations. . . control the decision at hand."  Doc. 15 at 16 n.2.  However, even considered under the new regulations alone, the ALJ's decision in this case does not meet the requirements of the new regulations: the ALJ did not articulate how she considered Dr. Perdomo's opinion, nor did she "explain how [she] considered the supportability and consistency factors. . . ."  20 C.F.R. §§ 404.1520c(b)(1)-(2); 416.920c(b)(1)-(2)).

To the extent that the Commissioner argues that the ALJ's reasons for discounting Dr. Perdomo's opinion are supported by substantial evidence – and purports to cite to examples of such evidence from the record – the undersigned will not rely on the Commissioner's post-hoc arguments.  *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).  To do so would necessarily require the undersigned to reweigh the evidence, which the undersigned declines to do.  *See*

*Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted).

Given the foregoing, the undersigned does not find the Commissioner's argument persuasive.

### IV.    Conclusion

For the reasons stated above, it is respectfully **RECOMMENDED** that the Court:

1.    **REVERSE** and **REMAND** the final decision of the Commissioner; and

2.    Direct the Clerk to enter judgment in favor of Claimant and against the
      Commissioner and close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 8, 2020.

_____

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy